Affirmed and Memorandum Opinion filed March 10, 2005









Affirmed and Memorandum Opinion filed March 10, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01052-CR

____________

 

ROBERT
WASHINGTON HAMILTON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from the 212th District Court

Galveston
County,
Texas

Trial Court Cause No. 01CR0373

_______________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Robert Washington
Hamilton was charged with felony driving while intoxicated.  Appellant contends that the trial court erred
in denying his motions to suppress because the officer who arrested appellant
allegedly (1) lacked reasonable suspicion to justify detaining appellant, and
(2) violated sections 14.03(d) and (g) of the Texas Code of Criminal Procedure
because he arrested appellant outside of his jurisdiction.  We affirm. 








I.  Factual and Procedural History

Shortly after 8:00 p.m. on
October 27, 2000, Officer Jeffrey Winstead of the La Marque Police Department
saw appellant driving out of the parking lot of the Front Door Club in Texas
City.  Officer Winstead saw appellant=s car hit
another car as appellant=s car
left the parking lot.  Appellant turned
on to F.M. 1765, which is in the La Marque city limits. Appellant was driving
thirty miles under the posted speed limit, and Officer Winstead activated his
emergency lights to signal appellant to pull over for impeding traffic, for
leaving the scene of an accident, and on suspicion of driving while
intoxicated.  Appellant turned onto
Washington Street, which is in the city limits of Texas City, and stopped.

Officer Winstead asked appellant
why he failed to stop and give information after hitting the car in the parking
lot.  Officer Winstead then smelled
alcohol on appellant=s breath
and saw that appellant=s eyes
were bloodshot.  When appellant failed
field sobriety tests, he was placed under arrest for driving while intoxicated.


Appellant filed two separate
motions to suppress.  The first motion
asserted that appellant was illegally stopped, detained, and arrested because
Officer Winstead lacked reasonable suspicion of criminal conduct.  The second alleged that Officer Winstead, a
La Marque police officer, lacked jurisdiction to arrest appellant in Texas
City.  Approximately a year after the
trial court held a hearing on the two motions, appellant entered a guilty plea
pursuant to a plea agreement with the State. 
The trial court found appellant guilty, assessed a $1,000 fine and
punishment at seven years in prison, which was probated for seven years.  On appeal, appellant raises issues relating
to his motions to suppress, which he claims the trial court implicitly
overruled.

II.  Analysis








To preserve an alleged error for
appellate review, the record must show that: (1) the complaint was made to the
trial court by a timely request, objection, or motion that stated the grounds
for the requested ruling with sufficient specificity to make the trial court
aware of the complaint, unless the specific grounds were apparent from the
context; (2) the trial court either ruled on the request, objection, or motion,
expressly or implicitly, or refused to rule on the request, objection, or
motion and the complaining party objected to the refusal.  Tex.
R. App. P. 33.1(a).  The trial
court held a single hearing on appellant=s two
motions to suppress.  At the conclusion
of the hearing, the trial judge said, AI will let
you know.@ 
No oral or written rulings followed the hearing.  Our review of the record reveals that the
trial court never ruled expressly on either of the two motions.  There is also no indication in the record that
the trial court refused to rule on the motions or that appellant objected to
any such refusal.  

In his appellate brief, appellant
relies on the ATrial Court=s
Certification of Defendant=s Right
to Appeal@ and argues that by signing this
instrument the trial court implicitly overruled appellant=s motions
to suppress.  In the certification, the
trial court certified that this case A[was] a
plea-bargain case, but matters were raised by written motion filed and ruled on
before trial and not withdrawn or waived, and Defendant has the right of
appeal.@  See Tex.
R. App. P. '
25.2(d).  Arguably, the trial court would
not have certified appellant=s right
of appeal if it had granted appellant=s motions
to suppress.  Likewise, appellant
probably would not have pleaded guilty had the trial court ruled favorably on
appellant=s motions.  It is just as likely, however, that the trial
court never ruled on appellant=s
motions.  








Approximately a year elapsed
between the suppression hearing and appellant=s
plea.  During this time, a new judge was
assigned to preside over the case. 
Because this was appellant=s third
driving-while-intoxicated offense, the applicable punishment in this case was
two to ten years in prison and a fine of up to $10,000.  See Tex.
Pen. Code Ann. '' 49.04
& 49.09 (Vernon 2003).  The trial
court, pursuant to the plea agreement, assessed punishment at only seven years
in prison, probated for seven years, and a $1,000 fine.  The change in trial judges or the punishment
offered by the State, or both, could have induced appellant to plead guilty
even if there had not been any adverse rulings on his motions to suppress.  It is also conceivable that the first trial
judge did not rule on appellant=s motions
and that the subsequent trial judge, assuming that the first trial judge ruled
on the motions, certified that appellant had the right of appeal.  Based on these facts, we find that the record
does not support an implicit ruling on appellant=s motions
to suppress. 

Because the trial court did not
rule expressly or implicitly on appellant=s motions
to suppress, no error was preserved for appellate review.  Accordingly, we overrule appellant=s issue
and affirm the trial court=s judgment.


 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed March 10, 2005.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).